IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIMBERLY VU, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 1:20-cv-00317-RDA-JFA |
| ) | |
| MOHAMMAD ASIF GHAZNAVI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on Plaintiffs Kimberly Vu ("Plaintiff Vu") and Global Realty Management Inc.'s ("Plaintiff GRM")[1] Motion for Non-Judicial Temporary Restraining Order (TRO)-Permanent Injunction & Pending Lawsuit of Wrongful Action of Title Slander, Fraudulent Transfer Deed of Trust, Tresspass (sic.) Wrongful Eviction & Violation of Federal Law FDCPA, TILA, RESPA ("TRO Motion") (Dkt. 3); Defendants Forrest E. White and Forrest E. White, P.C.'s Motion to Dismiss Plaintiffs' Complaint (Dkt. 8); and Defendants Mohammad Asif Ghaznavi and Aysha Chishty's (collectively "Purchaser Defendants") Motion to Dismiss Plaintiffs' Complaint (Dkt. 11). Considering these motions together with the Memorandum in

---

[1] Plaintiff Vu and Plaintiff GRM appear to bring this case *pro se*. Dkt. 1, 16. (providing Plaintiff Vu's sole signature certifying the Complaint). A corporate entity "must be represented by legal counsel in federal court." *Acosta v. Mercy Servs. of Health, Inc.*, No. 18-cv-0366, 2019 WL 4551308, at *4 (E.D. Va. Jun. 14, 2019) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." (citations omitted)). It does not appear that Plaintiff Vu is a licensed attorney. Accordingly, this Court notes that while Plaintiff Vu may choose to represent *herself*, she may not represent a corporate entity, such as Plaintiff GRM, in this Court. However, even setting aside this fact, and for the reasons that follow, this Court concludes that dismissal is warranted in the instant matter.

Support of the Motion to Dismiss (Dkt. 10) filed by Defendants Forrest E. White and Forrest E. White P.C.; the Purchaser Defendants' Memorandum in Support of their Motion to Dismiss (Dkt. 12); the Purchaser Defendants' Opposition to the TRO Motion (Dkt. 14); and the Plaintiffs' Opposition to Defendants (sic.) Motion to Dismiss (Dkt. 21), it is hereby ORDERED that Defendants Forrest E. White and Forrest E. White P.C.'s Motion to Dismiss (Dkt. 8) is GRANTED;

IT IS FURTHER ORDERED that the Purchaser Defendants' Motion to Dismiss (Dkt. 11) is GRANTED; and

IT IS FURTHER ORDERED that Plaintiffs' TRO Motion (Dkt. 3) is DENIED AS MOOT.

## I. BACKGROUND

Plaintiff Kimberly Vu, proceeding *pro se*, and Plaintiff Global Realty Management Inc., who is unrepresented, have brought this action to "dispute[ ] the title and ownership" of a property located at 42414 Chamois Court, Sterling, Virginia 20166 ("the Property"). Dkt. 1, 7. Plaintiffs set forth the following six counts in their Complaint: (1) Unlawful Trespass ("Count One"); (2) Wrongful Foreclosure ("Count Two"); (3) Fraudulent Transfer of Deed ("Count Three"); (4) Slander ("Count Four"); (5) Intentional Infliction of Emotional Distress ("Count Five"); and (6) Violation of Federal Law of FDCPA, TILA & RESPA ("Count Six").[2] Dkt. 1, 15. Plaintiffs

---

[2] Plaintiffs describe their claims differently throughout the Complaint. Dkt. 1, 4, 7, 15. Plaintiffs also present their claims as "Wrongful Action of Title Slander, Fraudulent Transfer of Deed of Trust, Trespass-Wrongful Eviction and Intentionally Inflicting Emotional Distress." *Id.* at 4. In another such part of the Complaint, Plaintiffs aim to sue Defendants "for their involvement of (sic.) the Title Slander, Fraudulent Transfer of Deed of Trust, Trespass Wrongful Eviction" and "[a]dditionally, [Plaintiffs] brings causes of action . . . for Fraud, intentional infliction of emotion distress, rescission, declaratory relief based, and violations of FDCPA, T.I.L.A and R.E.S.P.A." *Id.* at 7. Additionally, Plaintiffs describe their "Causes of Action" as "Fraud, intentional infliction of emotional distress, rescission, declaratory belief (sic.) based, and violations of FDCPA, T.I.L.A and R.E.S.P.A." *Id.* at ¶ 5. Further, in another part of the Complaint, "specific claims" are listed

2

request that this Court preserve their title and possession of the Property and grant damages and legal fees in the amount of $850,000. Dkt. 1, 16. The record reflects that the following transactions transpired regarding the Property.

On November 23, 2015, Haley Cochran and Steven Thomas "s[old] and convey[ed] [ ] in fee simple" the Property to Duc T. Nguyen ("Nguyen") and Tam Ngo ("Ngo"). Dkt. 10-1, 1, 4. On December 7, 2015, Ngo executed a promissory note ("December 2015 Note") in which she "promis[ed] to pay [ ] $621,000.00" plus interest to the lender for the Property. Dkt. 10-2, 1. That same day, Ngo also signed a Deed of Trust ("December 2015 Deed of Trust"). Dkt. 10-3, 1, 17. The December 2015 Deed of Trust secured to United Wholesale Mortgage the repayment of the December 2015 Note, and conveyed the Property to a trustee. *Id.* at 1-3.

Then, on February 8, 2018, Nguyen and Ngo transferred to Nguyen and Plaintiff Vu ownership of the Property by a Deed of Gift ("February 2018 Deed of Gift"). Dkt. Nos. 1, ¶ 16; 1-3, 1; 10-4, 1. On March 29, 2018, Nguyen filed a Chapter 13 bankruptcy petition, which on April 26, 2018, was converted to Chapter 7 ("Nguyen Bankruptcy").[3] Dkt. 10, 2. Janet M. Meiburger was appointed as the trustee for this bankruptcy ("Trustee Meiburger"). *Id.* On July 26, 2018, Nguyen was granted a Chapter 7 discharge. *Id.*

On October 24, 2018, ownership of the Property was transferred again. Dkt. Nos. 1-3, 2; 10-5, 1. That day, Nguyen and Plaintiff Vu transferred the Property by a second Deed of Gift to Plaintiff Vu and Plaintiff GRM ("October 2018 Deed of Gift"). *Id.* On November 29, 2018,

---

as "Title Slander, Fraudulent Transfer of Deed Of (sic.) Trust and Title Disputes, Trespass Wrongful Eviction, Intentional Infliction of Emotional Distress, Violation of Federal Law Of (sic.) FDCPA, TILA & RESPA." *Id.* at 15.

[3] Defendants Forrest E. White and Forrest E. White, P.C. provide that the case number for the bankruptcy proceeding is 18-11117-BFK. Dkt. 10, 2.

3

Trustee Meiburger filed a complaint in Nguyen's bankruptcy proceeding seeking, in multiple counts, to "avoid" the February 2018 Deed of Gift as a fraudulent transfer or as "a voluntary conveyance which was not upon consideration deemed valuable in law." Dkt. 10-6, 4-8. Trustee Meiburger also sought a declaratory judgment establishing that the Property was property of Nguyen's bankruptcy estate. *Id.* at 9. The Bankruptcy Court granted Trustee Meiburger's request for declaratory judgment on January 25, 2019, finding that "Nguyen was the sole beneficial owner of the Property[.]" Dkt. 10-7, 3. On February 22, 2019, the Bankruptcy Court entered an order declaring, *inter alia*, that:

> [the February 2018 Deed of Gift] was made with actual intent on the part of [Nguyen] to hinder, delay or defraud creditors . . . and that [Plaintiff Vu] had actual knowledge of the [Nguyen's] intent or had knowledge of such facts and circumstances as would have put her on inquiry as to the bona fides of [the February 2018 Deed of Gift.]

Dkt. 10-8, 2. The Bankruptcy Court ordered that the February 2018 Deed of Gift was void as a fraudulent transfer pursuant to several state and federal laws. *Id.* at 3.

On November 14, 2019, after the December 2015 Note went into default, and after foreclosure proceedings against the Property began, Plaintiff Vu filed suit against multiple defendants, including the trustee and assignee of the December 2015 Note ("Plaintiff Vu's November 2019 Case"). Dkt. Nos. 12, 2-3; 12-3, 1; *Vu v. White, et al.*, No. 19-cv-01451 (E.D. Va. Jan. 21, 2020) (order dismissing case). Plaintiff Vu's November 2019 Case was originally filed in the United States District Court for the District of Columbia, and was later transferred to this Court. Dkt. 12, 3.

On November 15, 2019, another Deed of Gift ("November 2019 Deed of Gift") was recorded, which purported to transfer ownership of the Property from Nguyen and Plaintiff GRM to Plaintiff GRM, another Virginia corporation designated as "GRM Group," and Plaintiff Vu.

4

Dkt. 10-9, 1. When the November 2019 Deed of Gift was recorded, a bankruptcy case filed on behalf of Plaintiff GRM was pending ("Plaintiff GRM's First Bankruptcy").[4] Dkt. 12, 2. Also on November 15, 2019, the Bankruptcy Court dismissed Plaintiff GRM's First Bankruptcy with prejudice. Dkt. 12-2, 1-3. The Bankruptcy Court not only dismissed Plaintiff GRM's First Bankruptcy, but prohibited Plaintiff GRM from "re-filing under any Chapter of the Bankruptcy Code in this or any other Bankruptcy Court for 180 days." Dkt. 12-2, 2.

Yet, three days later, Plaintiff Vu filed another petition for bankruptcy on behalf of Plaintiff GRM ("Plaintiff GRM's Second Bankruptcy").[5] Dkt. 12-4, 1. The same day, the Purchaser Defendants purchased the Property at a foreclosure sale. Dkt. 10, 3.

On December 17, 2019, the Bankruptcy Court dismissed Plaintiff GRM's Second Bankruptcy, this time prohibiting Plaintiff GRM from re-filing within a year, and admonishing that "[i]f [Plaintiff GRM] violates this Order by filing another case within the one year with prejudice period, the [Bankruptcy Court would] make a criminal referral to the U.S. District Court for contempt of court under 18 U.S.C. § 401(3)." Dkt. 12-4, 3. The December 17, 2019 order also established that "[t]he automatic stay, as provided in § 362(a) shall not apply to any case filed by or against [Plaintiff GRM.]" *Id.*

On January 21, 2020, this Court dismissed Plaintiffs' November 2019 Case with prejudice. Dkt. 12-3, 3. This dismissal was based upon a lack of jurisdiction, having found that "Plaintiff has failed to allege facts supporting Article III standing." *Id.* at 2.

---

[4] The Purchaser Defendants provide that this bankruptcy is assigned case number 19-12812-KHK. Dkt. 12, 2.

[5] The Purchaser Defendants provide that this bankruptcy proceeding was assigned case number 19-13774-KHK. Dkt. 12, 4.

5

On February 14, 2020, the Purchaser Defendants closed on the Property and a Trustee's Deed transferring ownership to the Purchaser Defendants was recorded that day.[6] Dkt. 10, 4. On March 2, 2020, Defendant Forrest E. White filed a complaint in the Circuit Court for Loudoun County on behalf of the Purchaser Defendants that alleged unlawful detainer and unjust enrichment, and sought possession of the Property and monetary damages. *Id.*

On March 23, 2020, Plaintiffs filed the present action in this Court along with their TRO Motion. Dkt. Nos. 1, 1; 3, 1. On April 17, 2020, Defendants Forrest E. White and Forrest E. White, P.C. filed their Motion to Dismiss the Complaint along with an appropriate Roseboro Notice. Dkt. Nos. 8, 1; 9, 1. The same day, the Purchaser Defendants filed their Motion to Dismiss with an appropriate Roseboro Notice.[7] Dkt. Nos. 11, 1; 13, 1. On April 20, 2020, the Purchaser Defendants opposed Plaintiffs' TRO Motion. Dkt. 14, 1. Plaintiffs, in a single document, opposed Defendants' motions to dismiss on May 15, 2020. Dkt. 21, 1.

This Court dispenses with oral argument as to the pending motions because the Court finds that it would not aid in the decisional process. This matter is fully briefed and ripe for decision. Local Civil Rule 7(F).

---

[6] This Court notes that although Defendants Forrest E. White and Forrest E. White, P.C. appear to have intended to include the Trustee's Deed as Exhibit 10 to his motion, Exhibit 10 is not found in his filing.

[7] Pursuant to Local Civil Rule 7(K), "[i]t shall be the obligation of counsel for any party who files any dispositive or partially dispositive motion addressed to a party who is appearing in the action without counsel to attach to or include at the foot of the motion a warning consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)."

## II.   STANDARD OF REVIEW

### A.  Standard for a Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). A district court must dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

There are two ways in which a defendant may present at 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* Conclusory statements and legal conclusions in a complaint are not entitled to a presumption of truth. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). Alternatively, and as Defendants do here, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Contr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891. The district court is then free to weigh the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219. "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

### B. Standard for a Rule 12(b)(6) Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) . . . requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible under this standard when a plaintiff pleads factual content sufficient for a court to make a reasonable inference that a defendant is liable. *Id.* Allegations that are conclusory are "not entitled to be assumed true." *Id.* at 681 (2009) (citing *Twombly*, 550 U.S. at 554-555). This Court will assess the claims in Plaintiff's Complaint accordingly.

### III. DISCUSSION

### A. Rule 12(b)(1) Challenge for Lack of Subject Matter Jurisdiction

"It is the responsibility of the complainant[s] clearly to allege facts demonstrating that [they] [ ] [are] [ ] proper part[ies] to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). Article III of the Constitution limits the power of the federal courts to cases and controversies. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Those cases and controversies that are of the "justiciable sort" are required to have standing. *Id.* "[T]he irreducible constitutional minimum of standing contains three elements." *Id.* First, "the plaintiff must have suffered an injury in fact[.]" *Id.* (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). An injury in fact is defined as the invasion of a legally protected interest which is concrete and particularized, as well as actual or imminent. *Id.* Accordingly, to show "injury in fact," a plaintiff must demonstrate that "he or she suffered 'an

invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Second, the plaintiff must demonstrate that the defendant's actions caused the plaintiff's alleged injury. *Id.* Third, it must be likely that the injury will be redressed by a favorable decision from the court. *Id.*

Plaintiffs' claims appear to center on the general assertion that they hold a "legally protected interest" in the Property and that the Defendants' attempts to acquire the Property were an invasion of that interest. *See, e.g.*, Dkt. 1, ¶¶ 21, 29, 36. To the contrary, Defendants argue that the Plaintiffs have failed to demonstrate through nothing more than a bald assertion, an injury in fact. Dkt. Nos. 10, 7-9; 12, 5-6. Specifically, Defendants Forrest E. White and Forrest E. White, P.C. argue that "Plaintiffs have no ownership interest in the Property" and "as a consequence, Plaintiffs have suffered no injury-in-fact and have no standing." Dkt. 10,7. The Purchaser Defendants argue that Plaintiff Vu "was not the owner of the Property at the time of the foreclosure sale" and thus lacks standing. Dkt. 12, 5. Plaintiffs, in their Opposition, merely claim they do have standing as the "legal owner of the property and have make (sic.) additional financial investment of over $265,000 in Capital to property[.]" Dkt. 21, 15.

The Court finds that Plaintiffs have not pleaded facts to support their conclusion that they have a "legally protected interest" in the Property. Dkt. 10, 3. In the Complaint, Plaintiff provides that during the Nguyen Bankruptcy, the February 2018 Deed of Gift had been vacated by default judgment, thus extinguishing Plaintiffs' ownership of the Property. Dkt. 1, ¶ 20. Plaintiff pleads that Trustee Meiburger "decided to end the dispute filing an (sic.) 'No Asset' motion on Mr.Duc Nguyen's (sic.) chapter 7 case" and that the Property "remains under legal ownership of Mr.Duc Nguyen and Mrs.Kimberly Vu." *Id.* at ¶ 23. Plaintiffs' assertions of ownership in the property

9

amount to seriatim legal conclusions not entitled to a presumption of truth.[8] *See, e.g.*, Dkt. 1, ¶ 16 ("On February 8th, 2018, Tam Ngo deed transfer (sic.) her ownership of 50% to [Plaintiff Vu] . . . [Plaintiff Vu] became legal owners (sic.) of [the Property]"); Dkt. 1, ¶ 25 ("Mr.Duc (sic.) Nguyen made a 'Legal' Deed Gift Transfer 50% of his property ownership to [Plaintiff Vu and Plaintiff GRM]"); *Id.* at ¶ 30 ("Unauthorized Auction held on Nov/18/2019 should also be voided due to the 'Auto Stay Order Section 362' of Debtor, [Plaintiff GRM]").

Despite Plaintiffs' failure to meet their burden of establishing standing, the evidence provided by Defendants further undermines Plaintiffs' conclusion that they suffer the alleged injury. Dkt. Nos. 10-7, 3 ("ORDERED . . . that Duc. T. Nguyen was the sole beneficial owner of the Property[.]"); 10-8, 4 ("ORDERED . . . that the [February 2018 Deed of Gift] [which purported to transfer the Property to Plaintiff Vu] is void as a fraudulent transfer[.]").

Accordingly, this Court finds that Plaintiffs have failed to plead facts to secure Article III standing for a claim related to their ownership in the property. Much of Plaintiffs' Complaint is comprised of descriptions of the elements of various causes of action. Dkt. 1, 14-15. However, nowhere in the Complaint do Plaintiffs provide facts showing an injury in fact outside of legal conclusions, and those conclusions run afoul to the judgments of multiple courts. *See, e.g.*, Dkt. Nos. 10-7, 3; 10-8, 4. Accordingly, Plaintiffs lack standing.

B. Rule 12(b)(6) Challenge for Failure to State a Claim

Even if Plaintiffs had established standing, this Court finds that Plaintiffs have not pleaded sufficient facts in support of their claims. Dkt. 1, 15.

---

[8] A similar finding as was made in the previous case Plaintiff pursued before this Court, which was dismissed with a finding that "the Complaint contains a litany of legal conclusions without any factual basis or short and plain statement showing an entitlement to relief." *See Vu v. White, et al.*, No. 19-cv-01451 (E.D. Va. Jan. 21, 2020).

10

Plaintiffs allege trespass, but do not allege facts describing trespass. *Id.* The Fourth Circuit, applying Virginia law, has recognized that "a trespass is an unauthorized entry onto property that causes an interference with the property owner's possessory interest in the property." *First Va. Banks, Inc. v. BP Exploration & Oil, Inc.*, 206 F.3d 404, 409 (4th Cir. 2000) (citing *Cooper v. Horn*, 248 Va. 417, 448 (Va. 1994)). Plaintiffs have not alleged any specific instances of unauthorized entry by any of the Defendants. Therefore, Plaintiffs have not alleged sufficient facts to support trespass.

Additionally, Plaintiffs allege wrongful foreclosure. Dkt. 1, 15. Virginia does not recognize a cause of action for wrongful foreclosure. *Yerion v. Branch Banking & Trust Co.*, 27 F. Supp. 3d 677, 682-83 (E.D. Va. 2014) ("[R]elief may not be granted pursuant to any wrongful foreclosure claim or theory because no such cause of action exists under the law of this commonwealth.") (citing *Young v. CitiMortgage, Inc.*, No. 12-cv-079, 2013 WL 3336750 (W.D. Va. July 2, 2013); *Hien Pham v. Bank of New York*, 856 F. Supp. 804, 811 (E.D. Va. 2012)). Even if such a cause of action were recognized under Virginia law, Plaintiffs provide mere legal conclusions in support of this claim, and have failed to allege sufficient facts arising from a deficiency with the foreclosure sale.

Further, Plaintiffs allege a fraudulent transfer of deed, but do not allege facts describing the fraud. Dkt. 1, 15. The circumstances constituting fraud must be pleaded with particularity. *Cyberlock Consulting, Inc. v. Info. Experts, Inc.*, 876 F. Supp. 2d 672. 677 (E.D. Va. 2012) (citing Fed. R. Civ. P. 9(b)). A claim of fraud must show, *inter alia*, a false representation of a material fact. *Id.* at 681. Plaintiffs have not sufficiently pleaded facts showing that any Defendant made a false representation of a material fact.

11

Also, Plaintiffs allege slander, but do not allege facts supporting a slander claim. Dkt. 1, 15. Plaintiffs do allege that a defendant made a false and defamatory statement. Dkt. 1, 14-15; *see also Goulmamine v. CVS Pharmacy., Inc.*, 138 F. Supp. 652, 658-59 (E.D. Va. 2015). However, Plaintiffs simple assertion that defendants "made a false and defamatory statement regard (sic.) to their false ownership of property with intention to spread rumors and confuse the public, tenants and neighbors" does not identify any such statements with specificity or an injury related to such statements. Dkt. 1, 14-15. Plaintiffs' assertions amount to legal conclusions and therefore, pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiffs' allegation must fail.

Furthermore, Plaintiffs allege intentional infliction of emotional distress. Dkt. 1, 15. A plaintiff alleging intentional infliction of emotional distress must show that a defendant's conduct was "outrageous and intolerable in that it offends generally accepted standards of decency and morality." *Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (citing *Womack v. Eldridge*, 215 Va. 338 (Va. 1974)). Although Plaintiffs state that the price at which the Property was eventually sold "Shocks the Conscience[,]" Dkt. 1, ¶ 6, what they describe is an apparently valid foreclosure sale as it occurred after Ms. Vu's interest had been extinguished by Mr. Nguyen's Chapter 7 bankruptcy. Dkt. 1, ¶ 20; 10-8, 2-6. Therefore, Plaintiffs do not allege sufficient facts showing an intentional infliction of emotional distress.

Plaintiffs allege wrongful eviction, but do not allege facts describing wrongful eviction. Dkt. 1, 15. As provided in *Baird v. Fed. Home Mortg. Corp*, "Plaintiffs have not identified, and the [C]ourt is not aware of, any authority that recognizes a cause of action for wrongful eviction outside of the landlord-tenant context." No. 3:15-cv00041, 2016 WL 1271083 at *6 (W.D. Mar. 29, 2016). Therefore, Plaintiffs have not alleged sufficient facts to support wrongful eviction.

Finally, Plaintiffs' claims implicating federal law are unsupported by sufficient factual allegations. Plaintiffs allege a violation of the Fair Debt Collection Practices Act, but do not allege that they owed a debt that was being collected. Dkt. 1, 15. The Fair Debt Collection Practices Act regulates, *inter alia*, relations between debtors and creditors. *See* 15 U.S.C. §§ 1692 *et seq.* Plaintiffs allege a violation of the Truth in Lending Act, but do not allege that any offer of credit to them was deficient under the Act. Dkt. 1, 15. The Truth in Lending Act regulates, *inter alia*, the offer of credit to consumers. *See* 15 U.S.C. §§ 1601 *et seq.* Plaintiffs allege a violation of the Real Estate Settlement Procedures Act, but do not allege facts relevant to claims arising under that statute. Dkt. 1, 15. The Real Estate Settlement Procedures Act regulates, *inter alia*, real estate settlements. *See* 12 U.S.C. §§ 2601 *et seq.* For each of the claims relating to federal law, Plaintiffs make no attempt to explain how such laws apply to the case at bar. Dkt. 1, 15. Therefore, Plaintiffs' claims are dismissed for failing to state a claim upon which relief can be granted.

## IV.   CONCLUSION

For the reasons stated above, it is hereby ORDERED that Defendants Forrest E. White and Defendant Forrest E. White P.C.'s Motion to Dismiss (Dkt. 8) is GRANTED;

IT IS FURTHER ORDERED that the Defendants Mohammad Asif Ghaznavi and Aysha Chishty's Motion to Dismiss (Dkt. 11) is GRANTED; and

IT IS FURTHER ORDERED that the Plaintiffs TRO Motion is DENIED AS MOOT.

Further, the Court finds that the amendment would be futile and as a result Plaintiff's Complaint is accordingly DISMISSED with prejudice.

The Clerk is directed to forward copies of this order to counsel of record and to the *pro se* Plaintiff.

It is SO ORDERED.

Alexandria, Virginia
June 10, 2020

/s/
Rossie D. Alston, Jr.
United States District Judge